UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CONSUELO GONZALEZ,** | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **Civil Action No. 2:19-cv-222** |
| **v.** | § | **Jury** |
| | § | |
| | § | |
| **CHRISTINE WORMUTH,** | § | |
| **SECRETARY, DEPARTMENT OF** | § | |
| **THE ARMY,** | § | |
| | § | |
| *Defendant*. | § | |

## JOINT PROPOSED PRETRIAL ORDER

Pursuant to this Court's Second Amended Scheduling Order (D.E. 35), and in compliance with Appendix B of this District's Local Rules, Plaintiff Consuelo Gonzalez ("Gonzalez") and Defendant Christine Wormuth,[1] Secretary, Department of the Army (the "Army") jointly submit the following Proposed Pretrial Order:

### 1. APPEARANCE OF COUNSEL

a. **Counsel for Plaintiff**:

Fadi Yousef, Attorney-in-Charge
Texas Bar No. 24108025
SDTX Bar No. 3305440
fyousef@robwiley.com

Rasha Zeyadeh
Texas Bar No. 24096216
SDTX Bar No. 3726983
rzeyadeh@robwiley.com

---

[1] Pursuant to FRCP 25(d), Christine Wormuth, in her official capacity as Secretary of the Department of the Army, is automatically substituted as a party because the former officer, Ryan McCarthy, has ceased to hold office.

**ROB WILEY, P.C.**
2613 Thomas Avenue
Dallas, Texas 75204
Phone: (214) 528-6500
Facsimile: (214) 528-6511

Julie L. St. John
Texas Bar No. 24106460
SDTX Bar No. 3139258
jstjohn@wiley-wheeler.com

**WILEY WHEELER, P.C.**
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334

b. **Counsel for Defendant:**

Lance Duke, Attorney-in-Charge
Texas Bar No. 00798157
SDTX Bar No. 21949
lance.duke@usdoj.gov

Lander Baiamonte
Texas Bar No. 24103831
SDTX Bar No. 3312493
lander.baiamonte@usdoj.gov

**UNITED STATES ATTORNEY'S OFFICE**
800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, TX 78401
Telephone: (361) 903-7911
Facsimile: (361)888-3200

## 2.   STATEMENT OF THE CASE

This is an employment discrimination case. The Plaintiff in this lawsuit is Consuelo

Gonzalez. The Defendant is the U.S. Department of the Army, as represented by its Secretary,

Christine Wormuth. Ms. Gonzalez is an individual with physical and mental disabilities.  At the

time relevant to this suit, Ms. Gonzalez worked as a civilian employee of Corpus Christi Army Depot (or "CCAD"). Ms. Gonzalez held the position of Machinist at CCAD's Machine Shop.

Ms. Gonzalez brings this suit for damages under Title VII of the Civil Rights Act of 1964 and Section 504 of the Rehabilitation Act of 1973. Specifically, Ms. Gonzalez claims she was harassed because of her disabilities and because she is female by her coworker, Pete Saldivar, and that her employer, the Army, knew of the harassment but did not take prompt remedial action. In addition, Ms. Gonzalez claims that the Army retaliated against her because she took steps to enforce her lawful rights under federal law prohibiting harassment based on disability and sex in the workplace.

The Army denies all allegations made by Ms. Gonzalez.

## 3. JURISDICTION

Jurisdiction is proper under 28 U.S.C. §1331; 28 U.S.C. §1343(a)(4); 42 U.S.C. §2000e-5(f)(3); Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), as amended, 29 U.S.C. § 791 *et seq.* and 29 U.S.C. §794a.

## 4. MOTIONS

The following motions are pending:

a.  Plaintiff's Motion in Limine.

b.  Defendant's Motion in Limine.

## 5. CONTENTIONS OF THE PARTIES

a. **Plaintiff's Contentions:**

1.  Gonzalez alleges that the Army subjected her to harassment based on her disabilities in violation of the Rehabilitation Act.

2.  Gonzalez alleges that the Army subjected her to harassment based on her sex in violation of Title VII of the Civil Rights Act of 1964.

3.  Gonzalez contends that immediately after she reported the harassment to her supervisor, the Army retaliated against her, in violation of the anti-retaliation provisions of the Rehab Act and Title VII.

### b.  **Defendant's Contentions:**

Defendant, Christine Wormuth, Secretary Department of the Army, contends:

1.  that the only complaints properly before the Court are those brought under her complaint filed with the Equal Employment Opportunity Commission ("EEOC"), specifically, (1) that Gonzalez was harassed by her co-worker because of her mental disability (PTSD) and physical disability (back), and sex (female) when on or about June 14, 2013 a co-worker directed her to mop the work area even though Gonzalez informed him of her disability, and management failed to take action to stop the harassment; and (2) that Gonzalez was discriminated against based on reprisal for having reported the harassment when her supervisor wrote her up on three separate occasions about her behavior, returned her to the main Machine Shop, and threatened her with disciplinary action.

2.  that Consuelo Gonzalez's reassignment from the plating section of the Machine Shop was for legitimate non-discriminatory business purposes, specifically because (1) she had completed her training; and (2) she was creating a disturbance.

3.  that Consuelo Gonzalez was issued a Memorandum for the Record ("MFR") because she was creating a disturbance.

4.  that issuance of an MFR is not an adverse action.

5.  that Consuelo Gonzalez was asked to provide a statement for legitimate non-discriminatory business purposes, specifically as part of an investigation into a co-worker's complaint.

6. that Consuelo Gonzalez was not subjected to either disparate treatment disability discrimination when she was asked to mop.

## 6. ADMISSIONS OF FACT

1. Gonzalez belongs to a protected group (female) under Title VII.

2. Gonzalez belongs to a protected group, individual with physical and mental disabilities, as defined under the Rehab Act.

3. Gonzalez began working for Corpus Christi Army Depot ("CCAD") as a civilian in 2004.

4. In April 2013, Thomas Castellanos moved Gonzalez from the main machine shop (building 8) to the plating (or grinding) shop (building 340), where she was set to be trained by Pete Saldivar.

5. Gonzalez engaged in protected activity under Title VII and the Rehab Act by reporting the alleged discriminatory comments of Pete Saldivar to her supervisor, Thomas Castellanos.

6. Castellanos issued Gonzalez a Memorandum for the Record (MFR) on June 14, 2013.

7. Castellanos issued Saldivar a Memorandum for the Record (MFR) on June 14, 2013.

8. Gonzalez's assignment at the plating shop ended on June 14, 2013, when Castellanos sent Gonzalez back to the main shop.

9. Defendant employed more than 500 employees for each working day in each of twenty or more calendar weeks from at all times relevant to Plaintiff's claims.

## 7. CONTESTED ISSUES OF FACT

The parties agree that any contested issue of fact listed below that more properly should be characterized as a contested proposition of law should be so construed, and vice-versa.

1. Whether Pete Saldivar harassed Gonzalez because of her disability.

2. Whether Pete Saldivar harassed Gonzalez because of her sex.

3. Whether the harassment affected a term, condition, or privilege of Gonzalez's employment.

4. Whether the harassment is severe of pervasive to alter the conditions of Gonzalez's employment and create an abusive working environment.

5. Whether Defendant knew or should have known that Gonzalez was being harassed because of her disability and sex.

6. Whether Defendant failed to take prompt remedial action.

7. Whether Defendant took an adverse employment action against Gonzalez and, if so, whether the adverse employment action was taken because of Gonzalez's protected activity.

8. The sum of money, if paid now in cash, that would fairly and reasonably compensate Gonzalez for past and future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, that she suffered as a result of the disability-based harassment.

9. The sum of money, if paid now in cash, that would fairly and reasonably compensate Gonzalez for past and future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, that she suffered as a result of the sex-based harassment.

10. The sum of money, if paid now in cash, that would fairly and reasonably compensate Gonzalez for past and future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life, that she suffered as a result of Defendant's retaliation against her.

11. The amount of pre-and post-judgment interest, if any, to which Gonzalez is entitled.

12. The amount, if any, of attorneys' fees, expert costs, and court costs that Gonzalez has reasonably incurred in bringing this lawsuit.

13. Whether mopping was an essential function of Gonzalez's job.

14. Whether an MFR is disciplinary in nature.

15. Gonzalez medically retired from the Army in March 2015.

16. Whether Gonzalez being returned to Building 8 of the Machine Shop was not materially adverse.

17. Whether Castellanos's request for a statement from Gonzalez was not an adverse action.

18. Whether Castellanos was required to investigate the allegations of co-workers made against Gonzalez.

19. Whether the Army's proffered reasons for the actions taken by Castellanos were pretextual.

20. Whether the timing of the issuance of MFRs to both Gonzalez and Saldivar on the same date is evidence of retaliation.

## 8.  AGREED PROPOSITIONS OF LAW

1. "The [Rehab Act] and the ADA are judged under the same legal standards, and the same remedies are available under both Acts … The language in the ADA generally tracks the language set forth in the [Rehab Act] and jurisprudence interpreting either section is applicable to both." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010).

2. To establish a harassment claim under the Rehab Act and Title VII claim, a plaintiff must show: (1) she is a member of a protected group; (2) she was a victim of harassment; (3) the harassment was based on her protected status; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) defendant knew or should have known of the harassment and failed to take prompt remedial action. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

3. "The challenged conduct must be both objectively offensive, meaning that a reasonable person would find it hostile and abusive, and subjectively offensive, meaning that the victim perceived it to be so." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434

(5th Cir. 2005) (citations omitted); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993).

4.  Whether an environment is hostile or abusive depends on the totality of the circumstances, including the frequency of the conduct, the severity of the conduct, the degree to which the conduct is physically threatening or humiliating, and the degree to which the conduct unreasonably interferes with the employee's work performance. *Harris*, 510 U.S. at 23.

5.  "The Supreme Court has repeatedly stated that 'simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.'" *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004) (citing, *e.g., Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

6.  To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action, and (3) there is a "but-for" causal link between the protected activity and the adverse action. *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 345 (5th Cir. 2016) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)).

7.  For an adverse employment action to be actionable under the ADA or Title VII, it must be "materially adverse to a reasonable employee." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006).

8.  In order to constitute an adverse employment action for the purposes of the second element of a prima facie case of retaliation, there must be a "materially adverse" action that is not trivial, but is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Porter v. Houma Terrebonne Hous.*

*Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015) (quoting *Burlington N. and Santa*

*Fe Ry. Co. v. White*, 548 U.S. 53, 57, 68 (2006)).

9. The Supreme Court has made clear that "context is critical" in deciding whether an

   employment action is materially adverse. *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d

   702, 707 (5th Cir. 2016) (citing *White*, 548 U.S. at 69).

10. "[W]hether a particular reassignment is materially adverse depends upon the circumstances

    of the particular case." *White*, 548 U.S. at 71.

11. A Title VII retaliation claim requires but-for causation. *Univ. of Tex. Sw. Med. Ctr. v.*

    *Nassar*, 133 S. Ct. 2517, 2533 (2013). After *Nassar*, the Fifth Circuit in Feist held that

    retaliation claims under the ADA also require but-for causation. *Feist v. La., Dep't of*

    *Justice*, 730 F.3d 450, 454 (5th Cir. 2013) (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301

    (5th Cir. 1999) ("If such a reason is advanced, the plaintiff must adduce sufficient evidence

    that the proffered reason is a pretext for retaliation. Ultimately, the employee must show

    that 'but for' the protected activity, the adverse employment action would not have

    occurred.")).

12. Plaintiff must first exhaust her administrative remedies before bringing an employment

    discrimination case to federal court. *Hampton v. Internal Revenue Service*, 913 F.2d 180,

    181 (5th Cir. 1990).

13. When only circumstantial evidence is available in a Rehabilitation Act claim, the analysis

    is performed using the same *McDonnell Douglas* burden-shifting framework as is applied

    in connection with the Americans with Disabilities Act. 29 U.S.C. § 794(d); *E.E.O.C. v.*

    *Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009) (referring to *McDonnell*

    *Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under that analysis, after the plaintiff

establishes a prima facie case, the burden of proof shifts to the defendant to give a nondiscriminatory reason for its actions. If the defendant does so, then the burden of proof shifts back to the plaintiff to show that the nondiscriminatory reason is mere pretext. *McDonnell Douglas*, 411 U.S. at 802-03.

14. The decision to award the plaintiff pre- and post-judgment interest lies within the sound discretion of the Court.

## 9.   CONTESTED PROPOSITIONS OF LAW

1. To determine whether an action is materially adverse, the courts look to indicia such as whether the action affected "job title, grade, hours, salary, or benefits" or caused "a diminution in prestige or change in standing among . . . co-workers." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009).

2. "Simply disputing the employer's business judgment is not enough to prove pretext without producing evidence that the reasons stated were pretextual." *Campbell v. Zayo Grp., L.L.C.*, 656 F. App'x 711, 716 (5th Cir. 2016) (quoting *Goree v. Comm'n Lincoln Par. Det. Ctr.*, 437 F. App'x 329, 334 (5th Cir. 2011))

3. Unsupported speculation is insufficient to establish but-for causation. *See Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 n.12 (5th Cir. 2015) (quoting *Nat'l Ass'n of Gov't Emps v. City Public Service Bd. of San Antonio*, 40 F.3d 698, 712 (5th Cir. 1994)) ("Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without significant probative evidence tending to support the complaint.) (internal citations and punctuation omitted).

4. A counseling letter or "written reprimand, without evidence of consequences, does not constitute an adverse employment action." *Thibodeaux-Woody v. Houston Cmty. Coll.*, 593

F. App'x 280, 286 (5th Cir. 2014) (citing *Hernandez v. Johnson*, 514 F. App'x 492, 499

(5th Cir. 2013); *DeHart v. Baker Hughes Oilfield Operations, Inc.*, 214 F. App'x 437, 442

(5th Cir. 2007)).

5. "A reprimand can serve as the basis for a retaliation claim under certain circumstances."

*Thibodeaux-Woody v. Houston Cmty. Coll.*, 593 F. App'x 280, 286 (5th Cir. 2014) (citing

*Willis v. Cleco Corp.*, 749 F.3d 314, 318 (5th Cir. 2014)).

## 10. EXHIBITS

a.  Plaintiff's Exhibit List is attached as Exhibit A.

b.  Defendant's Exhibit List is attached as Exhibit B.

## 11. WITNESSES

a.  Plaintiff's Witness List is attached as Exhibit C.

b.  Defendant's Witness List is attached as Exhibit D.

If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

## 12. SETTLEMENT

All settlement efforts have been exhausted. The case cannot be settled, and it will have to be tried.

## 13. TRIAL

a.  The parties estimate that the trial will last 4-5 days.

b.  With the possible exception of the ongoing COVID-19 pandemic, the parties are aware of no other logistical problems regarding the trial.

## 14. ATTACHMENTS

**a.** Plaintiff's Proposed Voir Dire Questions are attached as Exhibit E.

**b.** Defendant's Proposed Voir Dire Questions are attached as Exhibit F.

**c.** Plaintiff's Proposed Jury Charge is attached as Exhibit G.

**d.** Defendant's Proposed Jury Charge is attached as Exhibit H.

SIGNED this _____ day of _____ 2022.

 

**HON. NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**

APPROVED:

Date: February 17, 2022

*/s/ Fadi Yousef*
Fadi Yousef, Attorney-in-Charge
Texas Bar No. 24108025
SDTX Bar No. 3305440
fyousef@robwiley.com
Rasha Zeyadeh
Texas Bar No. 24096216
SDTX Bar No. 3726983
rzeyadeh@robwiley.com
**ROB WILEY, P.C.**
2613 Thomas Avenue
Dallas, Texas 75204
Phone: (214) 528-6500
Facsimile: (214) 528-6511

Julie L. St. John
Texas Bar No. 24106460
SDTX Bar No. 3139258
jstjohn@wiley-wheeler.com

Date: February 17, 2022

*/s/ Lance Duke (w/ permission)*
Lance Duke, Attorney-in-Charge
Assistant United States Attorney
Southern District of Texas No. 21949
Texas State Bar No. 00798157
Lander Baiamonte
Texas Bar No. 24103831
SDTX Bar No. 3312493
lander.baiamonte@usdoj.gov

800 N. Shoreline Blvd., Suite 500
One Shoreline Plaza
Corpus Christi, TX 78401
Telephone: 361/903-7911
Facsimile: 361/888-3200
Email: lance.duke@usdoj.gov

**ATTORNEY FOR DEFENDANT**

**WILEY WHEELER, P.C.**
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334

**ATTORNEYS FOR PLAINTIFF**