# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CONSUELO GONZALEZ,** | § | |
| | § | |
| | § | |
| ***Plaintiff*,** | § | **Civil Action No. 2:19-cv-222** |
| | § | **Jury** |
| **v.** | § | |
| | § | |
| **CHRISTINE WORMUTH,** | § | |
| **SECRETARY, DEPARTMENT OF** | § | |
| **THE ARMY,** | § | |
| | § | |
| ***Defendant*.** | | |

## PLAINTIFF CONSUELO GONZALEZ'S PROPOSED JURY CHARGE

Pursuant to this Court's Second Amended Scheduling Order (D.E. 35), and in compliance with Appendix B of this District's Local Rules, Plaintiff Consuelo Gonzalez ("Gonzalez") submits the following proposed Jury Charge.

Respectfully submitted,

*/s/ Fadi Yousef*
Fadi Yousef, Attorney-in-Charge
Texas Bar No. 24108025
SDTX Bar No. 3305440
fyousef@robwiley.com
Rasha Zeyadeh
Texas Bar No. 24096216
SDTX Bar No. 3726983
rzeyadeh@robwiley.com
**ROB WILEY, P.C.**
2613 Thomas Avenue
Dallas, Texas 75204
Phone: (214) 528-6500
Facsimile: (214) 528-6511

Julie L. St. John
Texas Bar No. 24106460
SDTX Bar No. 3139258

jstjohn@wiley-wheeler.com
**WILEY WHEELER, P.C.**
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on February 17, 2022, I electronically filed the foregoing using the CM/EFC system, which sent notification of such filing to the following:

Lance Duke
lance.duke@usdoj.gov

Lander B. Baiamonte
lander.baiamonte@usdoj.gov

*/s/ Fadi Yousef*
Fadi Yousef

# PART I – JURY INSTRUCTIONS

## INSTRUCTION NO. 1
## PRELIMINARY INSTRUCTIONS FOR BEGINNING OF TRIAL

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off. There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends, and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation, or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself

so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

**Source:**        **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 1.1.**

**Given:**_____        **Given as Modified:** _____        **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 2
## PRELIMINARY INSTRUCTIONS TO JURY

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the

bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present her case through witness testimony and documentary or other evidence. Next, the defendant will have an opportunity to present its case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. **Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.**

**Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, the closing arguments, and my instructions.**

**It is now time for the opening statements.**

**Source:        5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 1.2.**

**Given:**_____      **Given as Modified:** _____      **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 3**
**JURY CHARGE**

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.


**Source:**        **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 3.1.**


**Given:**_____        **Given as Modified:** _____        **Denied:**_____


_____
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 4**
**BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**

  Plaintiff Gonzalez has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Gonzalez has failed to prove any element of her claims by a preponderance of the evidence, then she may not recover on that claim.

**Source:**  **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 3.2**

**Given:**_____ **Given as Modified:** _____ **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 5**
**EVIDENCE**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial. *Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence.*

**Source:**      **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instructions No. 3.3**
**\*_Desert Palace, Inc. v. Costa_, 539 U.S. 90, 100, 123 S. Ct. 2148, 2154, 156 L. Ed. 2d 84 (2003) (quoting _Rogers v. Missouri Pacific R. Co._, 352 U.S. 500, 508, n. 17, 77 S. Ct. 443, 1 L.Ed.2d 493 (1957))**

**Given:**_____     **Given as Modified:** _____     **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 6
## CHARTS AND SUMMARIES

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

**Source:**       **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 2.7.**

**Given:**_____      **Given as Modified: _____**      **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 7**
**DEMONSTRATIVE EVIDENCE**

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.


**Source:**      **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 2.8**


**Given:**＿＿＿＿＿＿      **Given as Modified:** ＿＿＿＿＿＿＿      **Denied:**＿＿＿＿＿＿


＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 8**
**WITNESSES**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**Source:**     **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instructions No. 3.4**

**Given:**_____     **Given as Modified:** _____     **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 9**
**MILITARY PERSONNEL TESTIMONY**

You are required to evaluate the testimony of a current or former member of the military as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a current or former member of the military.

**Source:**     **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 2.15 (revised to account for the nature of this case)**

**Given:**＿＿＿＿＿＿      **Given as Modified:** ＿＿＿＿＿＿＿      **Denied:**＿＿＿＿＿＿

＿＿＿＿＿＿＿＿＿＿＿＿＿＿
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 10
## STIPULATED TESTIMONY

A "stipulation" is something that the attorneys agree is accurate. When there is no dispute about certain testimony, the attorneys may agree or "stipulate" to that testimony.

Stipulated testimony must be considered in the same way as if that testimony had been received here in court.


**Source:**        **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 2.2**


**Given:**_____        **Given as Modified: _____        **Denied:**_____


_____
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 11
## LIMTING INSTRUCTION

When testimony or an exhibit is admitted for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

**Source:**          **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 2.6**

**Given:_____     Given as Modified: _____     Denied:_____**

_____
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 12
## IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial. A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Source:**       **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 2.11**

**Given:_____       Given as Modified: _____       Denied:_____**

_____
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 13**
**JUDICIAL NOTICE (if necessary)**

You must accept as proved facts of which the court takes judicial notice. The court has taken judicial notice that [state the facts].

**Source:**      **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 2.4**

**Given:_____**      **Given as Modified: _____**      **Denied:_____**

_____
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 14
## HARASSMENT BASED ON DISABILITY AND SEX

Plaintiff Gonzalez claims she was harassed because of her disability and sex by Pete Saldivar and that her employer, Defendant Department of the Army, knew, or in the exercise of reasonable care should have known, of the harassment but did not take prompt remedial action.

Defendant the Army denies Plaintiff Gonzalez's claims and contends that Pete Saldivar's harassment was not severe or pervasive and that Defendant the Army took prompt remedial action.

It is unlawful for an employer, including a federal government employer, to discriminate against an employee because of the employee's disability or sex. Unlawful discrimination can include harassment.

For Defendant the Army to be liable for disability-based and/or sex-based harassment, Plaintiff Gonzalez must prove by a preponderance of the evidence that Pete Saldivar harassed Plaintiff Gonzalez because of her disability and/or sex and:

1.  the conduct was sufficiently severe or pervasive to:

    a.  alter the terms or conditions of Plaintiff Gonzalez's employment; and

    b.  create a hostile or abusive work environment; and

2.  Defendant the Army knew, or in the exercise of reasonable care should have known, that Plaintiff Gonzalez was being harassed because of her disability and/or sex. To make this showing, Plaintiff Gonzalez must prove that:

    a.  the harassment was known by or communicated to a person who had the authority to receive, address, or report the complaint, even if that person did not do so, or the harassment was so open and obvious that Defendant the Army should have known of it; and

    b.  Defendant the Army failed to take prompt remedial action designed to stop the harassment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Gonzalez's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it was physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interfered with Plaintiff Gonzalez's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct based on disability and/or sex. Although sexual harassment must be based on sex, it need not be motivated by sexual desire. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to

disability and/or sex, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. But discriminatory intimidation, ridicule, unwelcome sexual advances, or other verbal or physical conduct because of Plaintiff Gonzalez's disability and/or sex may be sufficiently extreme to alter the terms and conditions of employment.

In determining whether a hostile work environment existed, you must consider the evidence from both Plaintiff Gonzalez's perspective and from the perspective of a reasonable person. First, Plaintiff Gonzalez must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Gonzalez would find the conduct offensive.

"Prompt remedial action" is conduct by the employer that is reasonably calculated to stop the harassment and remedy the situation. Whether the employer's actions were prompt and remedial depends on the facts. You may look at, among other things, the effectiveness of any actions taken.

**Source:**     **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instructions Nos. 11.4 and 11.9**

**Given:**_____     **Given as Modified:** _____     **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 15
## RETALIATION

Plaintiff Gonzalez claims that Defendant Department of the Army retaliated against her because she took steps to enforce her lawful rights under federal law prohibiting discrimination based on disability and sex in the workplace.

The laws that prohibit discrimination in the workplace also prohibit an employer from retaliating against an employee because that employee has asserted rights or made complaints under that law.

Plaintiff Gonzalez claims that Defendant the Army (1) issued her a Memorandum for Record (MFR) for creating a disturbance, (2) removed her from the plating shop, and (3) threatened her with disciplinary action, because she reported Pete Saldivar's discriminatory comments to her supervisor Thomas Castellanos.

Defendant the Army denies Plaintiff Gonzalez's claims and contends that all actions were taken for legitimate business reasons.

To succeed on her claim, Plaintiff Gonzalez must prove each of the following elements by a preponderance of the evidence:

1. Plaintiff Gonzalez engaged in protected activity by reporting Pete Saldivar's comments/actions to her supervisor Thomas Castellanos;
2. Defendant the Army took an adverse employment action against Plaintiff Gonzalez when it (1) issued Plaintiff Gonzalez a Memorandum for Record (MFR) for creating a disturbance, (2) removed Plaintiff Gonzalez from the plating shop, or (3) threatened Plaintiff Gonzalez with disciplinary action; and
3. Defendant the Army took the adverse employment actions listed above against Plaintiff Gonzalez on account of her protected activity.

The parties agree that Plaintiff Gonzalez engaged in protected activity when she reported Pete Saldivar's comments/actions to her supervisor Thomas Castellanos.

You must decide whether any of the numbered actions referenced above constitute an "adverse employment action." An "adverse employment action" is an action that would have made a reasonable employee reluctant to complain of discrimination. If a reasonable employee would be less likely to complain about or oppose alleged discrimination because she knew that Defendant the Army would engage in the numbered actions referenced above, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

You need not find that the only reason for Defendant Army's decision was Plaintiff Gonzalez's protected activity. But you must find that Defendant the Army's decision to take the

adverse employment action(s) against Plaintiff Gonzalez would not have occurred in the absence of—but for—her protected activity.

      If you disbelieve the reason Defendant the Army has given for its decision, you may, but are not required to, infer that Defendant the Army would not have decided to take the adverse employment action(s) against Plaintiff Gonzalez but for her engaging in the protected activity.

**Source:**      **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instructions Nos. 11.5, 11.11, and 11.8**

**Given:**_____  **Given as Modified:** _____  **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

**INSTRUCTION NO. 16**
**DAMAGES**

If you found that Defendant Department of the Army violated Title VII and/or the Rehabilitation Act, then you must determine whether it has caused Plaintiff Gonzalez damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Gonzalez has proved liability.

Plaintiff Gonzalez must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Gonzalez need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: the amount of damages sustained by Plaintiff Gonzalez for pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Gonzalez for the harm she has sustained.

**Source:**      **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 11.14**

**Given:**_____     **Given as Modified:** _____     **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

## INSTRUCTION NO. 17
## DUTY TO DELIBERATE

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

**Source:**        **5th Cir. Pattern Jury Instructions 2020 (Civil Cases) Instruction No. 3.7**

**Given:**_____        **Given as Modified:** _____        **Denied:**_____

_____
Hon. Nelva Gonzales Ramos

## PART II – JURY QUESTIONS[1]

## HARASSMENT BASED ON DISABILITY

### QUESTION NO. 1

Did Pete Saldivar harass Plaintiff Gonzalez because of her disability?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 1, then answer Question No. 2:

### QUESTION NO. 2

Did Defendant the Army know, or in the exercise of reasonable care should Defendant the Army have known, that Plaintiff Gonzalez was being harassed on the basis of her disability?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 2, then answer Question No. 3:

### QUESTION NO. 3

Did Defendant the Army fail to take prompt remedial action?

Answer "Yes" or "No."

_____

### QUESTION NO. 4

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Gonzalez for the damages, if any, you have found Defendant the Army caused Plaintiff Gonzalez in connection with her disability-based harassment claim?

Answer in dollars and cents for the following items and none other:

---

[1] All proposed questions are taken from 5th Cir. Pattern Jury Instructions 2020 (Civil Cases).

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

## HARASSMENT BASED ON SEX

### QUESTION NO. 5

Did Pete Saldivar harass Plaintiff Gonzalez because of her sex?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 5, then answer Question No. 6.

### QUESTION NO. 6

Did Defendant the Army know, or in the exercise of reasonable care should Defendant the Army have known, that Plaintiff Gonzalez was being harassed on the basis of her sex?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 6, then answer Question No. 7.

### QUESTION NO. 7

Did Defendant the Army fail to take prompt remedial action?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 7, then answer Question No. 8.

### QUESTION NO. 8

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Gonzalez for the damages, if any, you have found Defendant the Army caused Plaintiff Gonzalez in connection with her sex-based harassment claim?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

## RETALIATION

### QUESTION NO. 9

Do you find that Plaintiff Gonzalez would not have been issued an MFR, removed from the plating shop, or threatened with disciplinary action, but-for her having previously reported Pete Saldivar's comments?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 9, then answer Question No. 10.

### QUESTION NO. 10

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Gonzalez for the damages, if any, you have found Defendant the Army caused Plaintiff Gonzalez in connection with her retaliation claims?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

   $_____