UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CONSUELO GONZALEZ, <br><br>*Plaintiff*, <br><br>v. <br><br>CHRISTINE WORMUTH, SECRETARY, DEPARTMENT OF THE ARMY, <br><br>*Defendant*. | § § § § § § § § § § § § <br><br>Civil Action No. 2:19-cv-222 <br>Jury |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

Plaintiff Consuelo Gonzalez submits this Response in opposition to Defendant's Motion in Limine (D.E. 40).

## I.   RELEVANT FACTUAL BACKGROUND

1. This is an employment case arising under the Rehabilitation Act and Title VII of the Civil Rights Act of 1964.

2. Gonzalez filed her formal EEO complaint on October 15, 2013, alleging a hostile work environment and retaliation.

3. The Department of Defense Investigations and Resolution Division investigated the complaint by holding a Fact-Finding Conference on February 4, 2014, in which a number of witnesses testified, including Gonzalez.

## II.   ARGUMENTS & AUTHORITIES

An EEO Complaint filed during the administrative process should be construed liberally. *Pacheco v. Mineta*, 448 F.3d 783, 789 n.9 (5th Cir. 2006) ("[T]his liberal construction applies even in cases brought against the federal government"). As the Army acknowledges in its own motion,

a claim under Title VII (and the Rehab Act) "may be based **_not only_** upon the specific complaints made by the employee's initial EEOC charge, **_but also upon any kind of discrimination like or related to the charge's allegations_**, limited only by the **_scope of the EEOC investigation_** that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quoting *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir.1983)) (emphasis added). In other words, it is improper to look only at the four corners of Gonzalez's formal EEO Complaint to determine which claims were exhausted and which were not.

In *Lees v. Dynamic Educ. Sys., Inc.*, a district court in the Middle District of Florida analyzed in detail a nearly identical issue involving a defendant-employer's motion in limine. *Lees v. Dynamic Educ. Sys., Inc.*, No. 306-CV-1106-J-33TEM, 2008 WL 2038567, at *4 (M.D. Fla. May 10, 2008). The defendant in *Lees* filed a motion in limine seeking "an order precluding Plaintiff from presenting evidence pertaining to, or making claims or arguments about, allegedly discriminatory actions that were not specified in his Charge of Discrimination." *Id*. at *1. After analyzing the facts, the court, relying on a number of Eleventh Circuit cases, denied the defendant's motion in limine, finding that the plaintiff properly exhausted a claim for the denial of a bonus, even though the plaintiff's EEOC charge made no mention of the bonus at all. The court reasoned that the plaintiff's bonus denial was not only something that could grow out of Lees' discrimination claim, but *it was actually part of the EEOC investigation*, because the plaintiff had *testified during the EEOC investigation about the denial of his bonus*. *Id*. at *5 (relying on *Griffin v. Carlin*, 755 F.2d 1516 (11th Cir. 1985) ("the requirement of exhaustion of administrative remedies is satisfied when the issues (a) are expressly raised in the pleadings before the administrative agency; (b)

might reasonably be expected to be considered in a diligent investigation of those expressly raised issues; or (c) ***were in fact considered during the investigation***") (emphasis added)).

The facts in this case are nearly identical to those in *Lees* and *Griffin*. The Department of Defense Investigations and Resolution Division investigated Gonzalez's EEO Complaint and a lengthy **a Fact-Finding Conference ("FFC") was held on February 4, 2014**. At the FFC, Gonzalez testified under oath and clarified the claims and factual allegations she referenced in her EEO Complaint, and was questioned by not only an EEO investigator, but also by a representative of CCAD.

The Army's motion appears to be seeking to exclude two types of "Unexhausted Claims." The first is what the Army characterizes as Gonzalez's "alleged disabilities" that were not mentioned in Gonzalez's formal EEO Complaint. The second is the fact that "Castellanos assigned [Gonzalez] to machines and tasks that were known to be particularly dangerous or that involved more demanding physical labor after she was returned to her [sic] the main Machine Shop."

**A. Gonzalez's Disabilities.**

1. Gonzalez's disabilities are not "claims" that require administrative exhaustion.

The Army contends that several of Gonzalez's disabilities—like migraines, chronic pancreatitis, major depression, gastritis, gastroparesis, and that fact that Gonzalez often has difficulty walking—"were not exhausted during the administrative proceedings and, therefore, any evidence relating to these [disabilities] should be excluded from trial."

But Gonzalez's disabilities are not "claims" that require any kind of administrative exhaustion, and the Army points to no authority establishing the contrary. Gonzalez's claims that are currently before this Court are ones for (1) *harassment* based on sex and disabilities and (2) *retaliation*. Gonzalez properly exhausted those two *claims*.

2. <u>Even if Gonzalez was required to exhaust her disabilities, she has done so</u>.

Assuming that Gonzalez was indeed required to "exhaust" these additional disabilities by disclosing them during the administrative process, Gonzalez has done so. As the Army acknowledged in its own motion (and as the court in *Lees* analyzed in detail), the exhaustion of administrative remedies includes not only those claims raised in the EEO Complaint, but also claims that are related to the allegations in the EEO Complaint so long as they are within the scope of the EEO investigation.

When questioned at the FFC by the EEO Investigator, Gonzalez expressly disclosed these disabilities as basis for her claims:

> Q. [By the investigator] Okay. Okay, and your claim is based on having a mental and physical disabling impairments?
> A. [By Gonzalez] Yes.
> Q. What are those impairments?
> A. I have migraines. I have fibromyalgia, chronic pancreatitis, PTSD, major depression. I said fibromyalgia. And I have walking difficulties at times. And I have a lot of digestive disorders like gastritis, gastroparesis, chronic pancreatitis.
> Q. And when were these impairments diagnosed?
> A. I received my compensation in 2004. I was -- they were first diagnosed in 1991. That's when the start of it -- right -- the same year as the Gulf War -- the first Gulf War.
> Q. Describe the nature and severity of the impairments?
> A. They're chronic. I get attacked on a daily basis. It's different. Everyday's different.
> Q. Did the impairments substantially limit any major life activities such as sensory depravation, caring for one's self, performing manual tasks, movement, walking?
> A. Yes.
> Q. Which ones?
> A. I would say walking, sleeping.
> Q. Okay.
> A. And sometimes thinking.
> Q. Okay.
> A. Concentration.
> Q. What's the duration or the expected duration of the impairments?
> A. It's chronic.

*See* Exhibit A (excerpts of Gonzalez's testimony at the FFC).

Accordingly, even if Gonzalez was required to exhaust her disabilities, she has properly done so because they were a part of the scope of the EEO investigation.

**B. Evidence concerning Castellanos assigning Gonzalez to dangerous machines and more demanding physical labor after removing her from the plating shop is relevant to Gonzalez's retaliation claim.**

The Army seeks to exclude any evidence concerning Gonzalez's assignment to dangerous machines and more demanding physical labor solely because, as the Army asserts, Gonzalez did not exhaust this "claim."

But Gonzalez has not asserted, nor does she assert now, that this is a stand-alone "claim" that requires exhaustion. It is undisputed that one of the adverse actions Gonzalez properly exhausted is her reassignment to the main machine shop immediately after she engaged in protected activity. Therefore, evidence concerning assignment to dangerous machines or more demanding physical labor is relevant because it is directly related to Gonzalez's reassignment to the main machine shop. In other words, Gonzalez does not assert this as a new, unexhausted adverse employment action, but merely as evidence relevant to a pre-existing (and properly exhausted) adverse action.

### III.   PRAYER

For the reasons set out above, Gonzalez respectfully asks the Court to deny Defendant's Motion in Limine in its entirety.

Respectfully submitted,

*/s/ Fadi Yousef*
Fadi Yousef, Attorney-in-Charge
Texas Bar No. 24108025
SDTX Bar No. 3305440
fyousef@robwiley.com
Rasha Zeyadeh
Texas Bar No. 24096216
SDTX Bar No. 3726983
rzeyadeh@robwiley.com

**ROB WILEY, P.C.**
2613 Thomas Avenue
Dallas, Texas 75204
Phone: (214) 528-6500
Facsimile: (214) 528-6511

Julie L. St. John
Texas Bar No. 24106460
SDTX Bar No. 3139258
jstjohn@wiley-wheeler.com
**WILEY WHEELER, P.C.**
1651 Richmond Ave.
Houston, Texas 77006
Telephone: (713) 337-1333
Facsimile: (713) 337-1334

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on February 24, 2022, I electronically filed the foregoing using the CM/EFC system, which sent notification of such filing to the following:

Lance Duke
lance.duke@usdoj.gov

Lander Baiamonte
lander.baiamonte@usdoj.gov

*/s/ Fadi Yousef*
Fadi Yousef