UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **CONSUELO GONZALEZ,** | § § § | |
| *Plaintiff,* | § § | Civil Action No. 2:19-cv-222 |
| v. | § § | Jury |
| **CHRISTINE WORMUTH, SECRETARY, DEPARTMENT OF THE ARMY,** | § § § § § | |
| *Defendant.* | | |

**PLAINTIFF CONSUELO GONZALEZ'S OBJECTIONS TO
DEFENDANT'S EXHIBITS AND PROPOSED JURY CHARGE**

Pursuant to this Court's Second Amended Scheduling Order (D.E. 35), Plaintiff Consuelo Gonzalez submits the following objections to Defendant's Exhibits (D.E. 42-2) and Proposed Jury Charge (D.E. 42-8).

### I.   OBJECTIONS TO DEFENDANT'S EXHIBITS

For the reasons stated below, Plaintiff objects to the admission of Defendant's Exhibit No. 22 and Exhibit No. 23.

**A.   Defendant's <u>Exhibit No. 22</u> is inadmissible under FRE 403.**

Defendant's Exhibit No. 22 is Gonzalez's formal EEO Complaint she filed in October 2013. Introducing this exhibit to the jury at trial is objectionable because the EEO Complaint does not constitute an exhaustive list of Gonzalez's claims. Indeed, as Gonzalez has briefed in her Response to Defendant's Motion in Limine, a claim under Title VII or the Rehab Act "may be based not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, *limited only by the scope of the EEOC <u>investigation</u>* that could reasonably be expected to grow out of the initial charges of

discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quoting *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir.1983)) (emphasis added).

During the *investigation* conducted by the Department of Defense Investigations and Resolution Division, Gonzalez clarified and elaborated further on the adverse employment actions she alleges the Army took against her. For example, Gonzalez's EEO Complaint states that she was written up by her supervisor on three separate occasions. But the Army's Report of Investigation ("ROI") issued on April 14, 2014, expressly states that Gonzalez "was retaliated against and given a memorandum on June 14, 2013, for creating a disturbance." *See* Exhibit A. It further explains that, "[r]egarding her claim of two additional write-ups, Complainant testifies that she was also written up for inappropriate behavior on June 17, 2013, but that was a continuance of the first write-up and the third one was not a write-up, but rather further accusations of inappropriate behavior." *Id*. Additionally, while Gonzalez's EEO Complaint only references PTSD and "back" as the basis for harassment based on disability, the scope of the investigation clearly covered Gonzalez's "fibromyalgia" in her back and other disabilities. *See* Pla.'s Resp. to Def.'s Mot. in Limine.

Accordingly, because Gonzalez's EEO Complaint is not an exhaustive list of Gonzalez's claims against the Army, introducing the EEO Complaint alone would be in violation of FRE 403. It would be improper for the jury to look only at the four corners of Gonzalez's formal EEO Complaint.

Moreover, introducing Gonzalez's EEO Complaint to the jury is inadmissible under FRE 403 because its probative value, if any, is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence. Gonzalez would be unfairly prejudiced because, as stated above, the EEO Complaint

does not list all of her claims or clearly identify the adverse employment actions that she alleges. Additionally, the EEO Complaint is very likely to confuse the issues and mislead the jury because a jury would be required to understand the legal concept of exhaustion by what grows out of the scope of the investigation, rather than strictly what was listed in the EEO Complaint. No jury should be reasonably expected to comprehend that Gonzalez, for legal reasons, should not be prejudiced for not identifying all of her claims or for mistakenly listing an adverse action in her EEO Complaint. Finally, introducing Gonzalez's EEO Complaint at trial will undoubtedly waste time and cause undue delay, because Gonzalez will inevitably be compelled to introduce voluminous documents from the EEO investigation to show the jury that she properly exhausted her claims and/or clarified them throughout the administrative process.

**B. Defendant's Exhibit No. 23 is inadmissible under FRE 401, 402, 403, 408 and 802 (Defendant is _unopposed_ to this objection).**

Defendant's Exhibit No. 23 is an email sent on October 17, 2013 from CCAD EEO Manager Glennis Ribblett to Gonzalez's former legal counsel Charles Smith, neither of whom are identified as potential trial witnesses by either party.[1] The bulk of Ribblett's email addresses CCAD's reasonable accommodation process. Ribblett's email also focuses on what Gonzalez's disabilities are and whether those disabilities prevented her from mopping. The email is objectionable on numerous grounds.

   a. FRE 401, 402:

Evidence is not admissible if it is irrelevant. Fed. R. Evid. 402. And evidence is only relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

---

[1] Mr. Smith has not represented Gonzalez since 2013.

The email is irrelevant because Gonzalez does not have a failure to accommodate claim here. Thus, any discussion of CCAD's reasonable accommodation process is clearly irrelevant. Moreover, when Ribblett sent the email in October 2013, Gonzalez had already been moved back to the main machine shop and was no longer being told by Pete Saldivar to mop (Saldivar remained at the plating shop). Accordingly, details of why Gonzalez's disabilities prevented her from mopping were no longer at issue when Ribblett sent the email.

Therefore, as the email does not contain any facts that are of consequence in determining the claims presented to this Court, it must be excluded.

b. FRE 408:

The purpose of Ribblett's email was to "address two things in Ms. Gonzalez's requested relief." The relief Gonzalez requested at the time included, among other things, mental anguish damages and attorney's fees. Such discussions are "conduct or a statement made during compromise negotiations about the claim," which is inadmissible pursuant to FRE 408.

c. FRE 802:

Ribblett's email is inadmissible hearsay because it is an out of court statement offered for the truth of the matter asserted. Further, the email is not subject to any hearsay exceptions.

d. FRE 403:

Even if this Court finds that the email is relevant to Gonzalez's claims or the Army's defenses, Ribblett's email is still inadmissible under FRE 403 because its probative value, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. As stated above, neither the sender nor the recipient of the email is a witness at trial. A jury is likely to confuse the issues with the introduction of an email that talks in length about reasonable accommodations (an issue not for the jury to decide). Further,

introducing this email will require Plaintiff to put on additional evidence that will undoubtedly cause undue delay and waste time.

## II. OBJECTIONS TO DEFENDANT'S PROPOSED JURY CHARGE

Plaintiff reserves the right to make further objections during the charge conference at trial pursuant to Fed. R. Civ. P. 51.

### A. "All Available Evidence Need Not Be Produced" instruction (D.E. 42-8, pg. 5).

Plaintiff objects to this proposed instruction because it does not conform with Fifth Circuit precedent concerning failure to produce certain key witnesses. *See, e.g., United States v. Wilson*, 322 F.3d 353, 343 (5th Cir. 2003) (noting that a negative inference is drawn when the missing witness has information "peculiarly within his knowledge"); *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1046–47 (5th Cir. 1990) (holding that the adverse inference rule applies when a party "'has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction [at issue]'").

### B. "Proper Party" instruction (D.E. 42-8, pg. 5) (Defendant is <u>*unopposed*</u> to this objection).

Plaintiff proposes that this instruction be slightly modified to make it clear to the jury that Christine Wormuth is the proper named defendant in *her official capacity*. A jury otherwise could believe that Ms. Wormuth is being sued personally/individually. Defendant is unopposed this proposed modification.

### C. "11.1 Title VII—Discrimination Based on Sex (Pete Saldivar)" instruction (D.E. 42-8, pg. 6) (Defendant is <u>*unopposed*</u> to this objection).

Plaintiff objects to this instruction because Plaintiff is not asserting any discrimination claims. Plaintiff's claims are ones for harassment and retaliation under Title VII and the Rehab Act.

   D. **"11.9 Harassment Based on Disability (Pete Saldivar)" instruction (D.E. 42-8, pg. 7-9).**

Plaintiff objects to this instruction because it does not account for Plaintiff's harassment based on sex claim. Plaintiff proposes the instruction she proposed in her Proposed Jury Charge (D.E. 42-7, pg. 18-19, "Instruction No. 14 – Harassment based on Disability and Sex").

   E. **"11.5 Title VII—Retaliation" instruction (D.E. 42-8, pg. 10-11).**

Plaintiff generally objects to this instruction and proposes the instruction she proposed in her Proposed Jury Charge (D.E. 42-7, pg. 20-21, Instruction No. 15 – Retaliation). Defendant did not make any reference to the Rehab Act. In addition, Plaintiff specifically objects to the manner in which Defendant phrased the adverse employment actions of Plaintiff's retaliation claim.

   F. **"15.2 Compensatory Damages" and "15.6 Nominal Damages" instructions, along with Defendant's proposed questions on damages (D.E. 42-8, pg. 12-14) (Defendant is <u>*unopposed*</u> to this objection).**

Plaintiff objects to these proposed instructions and questions because they are inappropriate for Plaintiff's employment law claims. The Fifth Circuit Pattern Jury Instructions include specific jury instructions and questions concerning damages for employment claims which are used in Plaintiff's Proposed Jury Charge. *See* 5th Cir. Pattern Jury Instruction No. 11.14.

Respectfully submitted,

*/s/ Fadi Yousef*
Fadi Yousef, Attorney-in-Charge
Texas Bar No. 24108025
SDTX Bar No. 3305440
fyousef@robwiley.com
Rasha Zeyadeh
Texas Bar No. 24096216
SDTX Bar No. 3726983
rzeyadeh@robwiley.com
**ROB WILEY, P.C.**
2613 Thomas Avenue
Dallas, Texas 75204
Phone: (214) 528-6500
Facsimile: (214) 528-6511

Julie L. St. John  
Texas Bar No. 24106460  
SDTX Bar No. 3139258  
jstjohn@wiley-wheeler.com  
**WILEY WHEELER, P.C.**  
1651 Richmond Ave.  
Houston, Texas 77006  
Telephone: (713) 337-1333  
Facsimile: (713) 337-1334  

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that I conferred with Lance Duke, lead counsel for Defendant, on February 23, 2022, regarding the issues raised in this notice. Mr. Duke indicated that Defendant is unopposed to Plaintiff's objections to Defendant's Exhibit No. 23, the "Proper Party" proposed jury instruction, the "11.1 Title VII—Discrimination Based on Sex" proposed jury instruction, and the proposed jury instructions on damages (all noted above).

/s/ Fadi Yousef  
Fadi Yousef

**CERTIFICATE OF SERVICE**

I certify that on February 24, 2022, I electronically filed the foregoing using the CM/EFC system, which sent notification of such filing to the following:

Lance Duke  
lance.duke@usdoj.gov

Lander Baiamonte  
lander.baiamonte@usdoj.gov

/s/ Fadi Yousef  
Fadi Yousef