Case 2:19-cv-00222   Document 108   Filed on 08/17/23 in TXSD   Page 1 of 12

United States District Court
Southern District of Texas
**ENTERED**
August 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CONSUELO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-00222 |
| | § | |
| CHRISTINE WORMUTH, | § | |
| | § | |
| Defendant. | § | |

### ORDER ON PLAINTIFF'S MOTIONS FOR
### REASONABLE FEES AND COSTS

On September 27, 2022, the Court entered final judgment (D.E. 71) in favor of Plaintiff Consuelo Gonzalez based on the jury verdict (D.E. 67) that found that Defendant Christine Wormuth, Secretary, Department of the Army, retaliated against Plaintiff on the basis of a protected activity in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. and the Rehabilitation Act, 29 U.S.C. § 791, *et seq*. Before the Court is Plaintiff's Motion for Reasonable Fees and Costs (D.E. 96), Defendant's response (D.E. 100), and Plaintiff's reply (D.E. 103). Plaintiff also filed a Supplemental Motion for Reasonable Fees and Costs (D.E. 104) concerning the hours expended on these motions, to which Defendant responded (D.E. 106), and Plaintiff replied (D.E. 107). For the reasons set out below, the Court **GRANTS IN PART** Plaintiff's motions (D.E. 96, 104) and awards a portion of the fees and expenses requested.

## DISCUSSION

In any suit brought pursuant to Title VII of the Civil Rights Act or the Rehabilitation Act, the court, in its discretion, may award the prevailing party reasonable attorney's fees. 42 U.S.C. § 2000e–5(k); 29 U.S.C. § 794. Under Fifth Circuit law, reasonable attorney's fees are calculated through a two-step process called the lodestar method. *La. Power & Light Co. v. Kellstrom,* 50 F.3d 319, 323-24 (5th Cir. 1995). As a preliminary step, the district court must determine the reasonable number of hours expended by the attorney and the reasonable hourly rate for the attorney. *Id*. at 324. With this, the lodestar amount is calculated by multiplying the reasonable number of hours by the reasonable hourly rate. *Id.* The lodestar amount may then be adjusted up or down based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co., Inc.,* 448 F.3d 795, 800 (5th Cir. 2006).

Plaintiff calculated a lodestar amount of $291,171.00 based on the hours spent on this case and the hourly rate for the attorneys. D.E. 96, p. 13; D.E. 104, p. 2. Plaintiff does not seek a lodestar adjustment based on the *Johnson* factors because she avers that the lodestar amount already considers them. *Id*. at 14. Defendant argues that the claimed hours, rates, and costs are excessive and should be reduced. D.E. 100; D.E. 106.

### A. Reasonable Rates

Attorney's fees are to be calculated at the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "The [c]ourt considers the relevant community to be the judicial district in which the litigation occurred (the Southern

District of Texas), not the particular division in which the case was pending." *Veasey v. Abbott*, No. 2:13-CV-193, 2020 WL 9888360, at *9 (S.D. Tex. May 27, 2020), *aff'd*, 13 F.4th 362 (5th Cir. 2021) (citation omitted).

Plaintiff's attorneys charge rates from $195 to $675 depending on the particular lawyer's experience, reputation, and ability. D.E. 96, p.12. The requested rates are as follows:

| Attorney | License Year | Requested Rate |
|---|---|---|
| Malinda Gaul | 1982 | $550 |
| Fadi Yousef | 2018 | $425 |
| Julie St. John | 2017 | $425 |
| Rasha Zeyadeh | 2017 | $425 |
| Deontae Wherry | 2017 | $425 |
| Kalandra Wheeler | 2005 | $675 |
| Colin Walsh | 2011 | $675 |
| Robert McKnight[1] | 1993/2005 | $475 |
| Haylie Davis (law clerk) |  | $195 |

To support the reasonableness of these rates, Plaintiff provided affidavits from many of the lawyers in this case attesting to their own education, experience, and usual billing rates, as well as supporting the rates of their co-counsel. D.E. 96-5, pp. 1-26. Plaintiff also included affidavits of four attorneys who attested to the reasonableness of the requested rates based on their experience practicing in this area of law in the Southern District of Texas. *Id.* at 27-43. Defendant did not supply controverting affidavits regarding the rates

---

[1] McKnight was licensed in another state in 1993 and licensed in Texas in 2005.

of Plaintiff's counsel. Defendant does argue that these rates are too high, citing the State Bar of Texas's survey of median hourly rates, based on years of practice and firm size, from 2015 and 2019 in the Dallas-Fort Worth-Arlington MSA and Austin-Round Rock areas.[2] D.E. 100, pp. 8-9; D.E. 106, p. 3.

"Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). Plaintiff has provided these affidavits which support the reasonableness of the requested rates for attorneys in the employment-law practice area.

Awards of attorney's fees in similar cases in this district also support the reasonableness of these rates. *See Oden v. Wellfirst Tech., Inc.*, No. 2:20-CV-34 (S.D. Tex. June 3, 2022) (approving a rate of $600/hour for an employment discrimination case); *Carranza v. Cirlos*, No. 2:18-CV-419, 2020 WL 4679572, at *1 (S.D. Tex. May 11, 2020) (FLSA case, approving a rate of $500/hour for an attorney who practiced employment law for 25 years); *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *3 (S.D. Tex. Jan. 27, 2020) (FLSA case, approving rates ranging from $400 to $500/hour). The Court therefore finds that the requested rates are reasonable.

### B. Reasonable Hours

Plaintiff lists eight different attorneys and a law clerk who worked on this case for a combined total of 625.12 billable hours. D.E. 96-2, p. 66; D.E. 104, pp. 1-2. The attorneys

---

[2] Defendant also argues that this Court should decline to follow *Johnson v. Southwest Research Institute,* No. CV 5:15-297, 2019 WL 4003106, at *1 (W.D. Tex. Aug. 23, 2019), in determining reasonable fees but the Court will disregard this argument as Plaintiff does not rely on this case, nor does the Court in determining the reasonable rate. *See* D.E. 100, pp. 10-12; D.E. 103, pp. 10-11.

attest that they have exercised billing judgment and deleted time that they found to be unnecessary, duplicative, or unreasonable for any reason, including the elimination of clerical time. D.E. 96, p. 8. Plaintiff then reduced the total hours, calculated before the hours expended on these motions, by 20%. D.E. 103, pp. 11-12. Defendant complains that Plaintiff's attorneys billed excess hours throughout the entire course of this case. D.E. 100, p. 5.

The Court finds that there was nothing particularly undesirable about this case. There were no novel or difficult legal issues requiring counsel to expend substantial hours of research and investigation. Plaintiff's counsel was not precluded from accepting other employment, and the trial lasted only three days. This was, overall, a relatively simple case.

Plaintiff explains the staffing of this case as a system of collaboration between three law firms that are interconnected and resists the argument that this staffing was due to attorney turnover. D.E. 103, pp. 1-2. However, the Court is persuaded that the resignation of the two main attorneys on this case, Yousef and Zeyadeh, who left the firm pretrial, is a contributing cause to this overstaffing issue. And even taking this turnover into account, Plaintiff has not adequately explained the need for eight attorneys, three of whom presented the case at trial. This many attorneys collaborating on a relatively simple case constitutes overstaffing. The hours billed will be adjusted to reflect reasonable staffing in this case, as detailed below.

**Pretrial Hours.** Defendant argues that each time a new attorney was added to this case, the attorneys billed the client for hours incurred to bring that new attorney up to

speed.[3] D.E. 100, p. 5. Plaintiff argues that for most of this case, she had two main attorneys and other attorneys were only added closer to the set trial dates. D.E. 96, pp. 7-8. The Court finds that pretrial hours spent getting up to speed by Wheeler and Wherry, who seemingly replaced Yousef and Zeyadeh, were due to attorney turnover and therefore will be excluded. *See Fabela v. City of Farmers Branch, Tex.*, 2013 WL 2655071, at *8 (N.D. Tex. Jun.13, 2013) ("Where there is turnover of attorneys working on a case, courts exclude the time expended by the new attorney to become familiar with the case."). The hours excluded include time expended reviewing the EEOC charge, reading pretrial filings, and reviewing the case file, the total of which is 33 hours. *See* D.E. 96-2, pp. 36-44.

**Trial Hours.** Defendant complains that it was unnecessary for Plaintiff to have three attorneys and a law clerk at trial. D.E. 100, p. 5. Plaintiff asserts that the firm maintains a "three-attorney rule" for every trial and retorts that each of the attorneys was necessary to the presentation of this case, especially considering that Defendants also had three attorneys present. D.E. 96, p. 8; D.E. 103, p. 3. The firm's policy, without more, does not inform the reasonableness or necessity of the attorney assignment for purposes of the Court's review. Plaintiff has failed to establish that three attorneys were necessary to present this relatively simple case. The Court finds that only two attorneys were necessary to present this case at trial. The total hours billed at trial will therefore be reduced by one

---

[3] Defendant also argues that the requested fee award is disproportionate to the verdict, but that is not a determinative factor for the Court to consider. *See* D.E. 100, p. 3; *Kellstrom*, 50 F.3d at 330 n. 23.

third (31.53 hours) to reflect having two attorneys present without distinguishing which attorney was unnecessary.

**Posttrial Hours**. Defendant argues that the posttrial motions were reviewed and revised by two attorneys, unnecessarily, and that the involvement of McKnight to prepare the fee motions was unnecessary. D.E. 100, pp. 5-6. Defendant also states that these contested hours are highlighted in yellow, but the Court sees no clear distinction in the exhibit attached to their response. *Id.* at 6; *see* D.E. 100-1. Plaintiff defends this time as reasonable considering McKnight's expertise in fee motions and the necessity of an attorney completing this work generally. D.E. 103, pp. 4-5. Fees incurred to file and defend an attorney's fee motion are compensable. *See, e.g., Cruz v. Hauck*, 762 F.2d 1230, 1234 (5th Cir. 1985) (finding that the time spent replying to the opposing party's fee objections was "prudent and reasonable" and therefore compensable). The Court finds Plaintiff's explanation of these hours reasonable. These hours will therefore not be adjusted.

**Focus Group.** Defendant also argues that hours spent on the focus group should be excluded as an unreasonable expense for this noncomplex case. D.E. 100, p. 7. Plaintiff argues that the focus group helped prepare them for trial and should not be excluded. D.E. 103, pp. 6-8. In addition, Plaintiff argues that if the Court finds the use of the focus group unreasonable, only the hours spent conducting it and reviewing it should be eliminated because the time spent preparing for the focus group lessened the time that would have been spent preparing for trial. *Id.* at 7-8.

Plaintiff has failed to show what particular benefits were gained from the use of the focus group. And for this relatively simple case, the Court finds the use of a focus group unreasonable. *See Alvarez v. McCarthy*, No. 20-50465, 2022 WL 822178, at *6 (5th Cir. Mar. 18, 2022) (no clear error where the district court excluded time related to the focus group for this "straightforward employment case"); *Rodriguez v. City of Houston*, No. H–06–2650, 2009 WL 10679670, at *2 (S.D. Tex. Dec. 22, 2009) (mock trial expenses excluded in a civil rights case with a multimillion-dollar verdict).

However, the Court does find that the time preparing for the focus group was akin to preparing for trial: the attorneys reviewed court documents, drafted arguments, and analyzed witness statements. *See* D.E. 96-2. Therefore, only the hours spent conducting the focus group and reviewing it will be excluded, as well as the expense of running it. That amounts to 15.7 hours and $1,400 in expenses. D.E. 96-2, pp. 52-54; D.E. 96-4, p. 2.

**Trial Consultant.** Defendant argues that hours spent on the trial consultant were unnecessary considering the complexity of this case and should be excluded. D.E. 100, p. 7. Plaintiff argues that the trial consultant was necessary to prepare her testimony for trial given her disabilities. D.E. 103, p. 8. Beyond this conclusory assertion, Plaintiff does not support this expense. The Court finds the use of a trial consultant unreasonable. The hours expended on the trial consultant and the expenses related in that regard will be excluded. That involves four hours and $8,071.25 in expenses. D.E. 96-2, pp. 36-43; D.E. 96-4, p. 2.

**Witness Preparation of Guadalupe Silguero**. Defendant also argues that any time expended preparing witness Guadalupe Silguero should be excluded because his testimony was irrelevant in that he testified only to Plaintiff's mental state after the events of this case. D.E. 100, p. 6. The Court finds these hours were reasonable and therefore will not be excluded.

**Conclusion.** For the reasons explained above, the following hours will be excluded from the total hours requested:

|  | **Hours Excluded** |
|---|---|
| Pretrial | 33 |
| Trial | 31.53 |
| Focus Group | 15.7 |
| Trial Consultant | 4 |
| **Total** | **84.23** |

The excluded hours comprise 13.47% (84.23/625.12) of the total hours expended in this case. Rather than delineate which attorney's hours are being reduced, which is no small task given the sheer number of attorneys in this case, the Court will reduce the total amount of attorney's fees by that same percentage.[4]

**C. Costs**

The award of costs is governed by Federal Rule of Civil Procedure 54(d). Plaintiff requested $18,458.48 in litigation costs, comprised of court filing fees and transcripts,

---

[4] The Fifth Circuit has explained that trial courts "need not, and indeed should not, become green-eyeshade accountants" when calculating attorney's fees. *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (citing *Fox v. Vice*, 563 U.S. 826, 838 (2011)). In that regard, the Fifth Circuit upheld an overall percentage reduction in the total hours expended to account for non-compensable time. *Id.*

electronic research costs, travel expenses for attending trial, and focus group and trial consultant costs. D.E. 96-4, pp. 1-2.  While itemized, the motion fails to separately categorize those expenditures that qualify as taxable costs (Rule 54(d)(1)) and those that are ordinary litigation expenses (Rule 54(d)(2)).

Usually, taxable costs, defined by 28 U.S.C. § 1920, are subject to the presentation of a verified bill of costs.  28 U.S.C. § 1924; Southern District of Texas Local Rule 54.2. However, because attorney's fees may be taxed as costs in this case, and because the motion is accompanied by an affidavit supporting the amount of the costs, the Court may dispose of all of the fees, costs, and expenses at once.

**Litigation Costs.**  Plaintiff's itemized claims that fall within the categories listed in § 1920 include filing fees, court transcripts, copies, and delivery costs; these costs total $1,044.41.  D.E. 96-4, pp. 1-2.  Defendants have not asserted any objection that applies to these costs, and they are allowed.

**Research Expenses.** Plaintiff cites $1,995.23 spent on electronic research (D.E. 96-4, p. 1) and Defendant argues that this expense likely includes duplicative efforts because of the alleged redundant time entries (D.E. 100, p. 13). Research subscriptions are generally costs beared by law firms as an overhead expense, and here, Plaintiff has not explained these costs as customarily charged by the firm to its clients. This amount will therefore be excluded. *See Hacienda Records, LP v. Ramos*, No. 2:14-CV-19, 2019 WL 93306, at *11 (S.D. Tex. Jan. 3, 2019) (research should be reimbursed so long as the cost is in fact paid by the firm to a third-party provider and is customarily charged by the firm to its clients as

a separate disbursement) (internal citations omitted); *Honestech, Inc. v. Sonic Sols.*, 725 F. Supp. 2d 573, 581 (W.D. Tex. 2010), *aff'd*, 430 F. App'x 359 (5th Cir. 2011) (rejecting requested reimbursement for research costs).

**Travel Expenses.** Defendant further argues that the travel expenses in the amount of $5,947.59 should be reduced because of the unnecessary cost incurred for having three attorneys and a law clerk at trial. D.E. 100, pp. 12-13. The Court agrees and will exclude the amount expended on the law clerk, a total of $1,523.24, who attended trial but did not participate. The remaining travel expenses will be reduced by one third, in the amount of $1,474.78, to reflect the reasonable staffing of two attorneys at trial.

**Focus Group and Trial Consultant.** As explained above, the Court finds the focus group and trial consultant expenses unreasonable and their costs, $1,400 for the focus group and $8,071.25 for the trial consultant, will be excluded.

**Conclusion.** The Court will reduce the cost expended as follows:

|  | **Amount Excluded** |
|---|---|
| Electronic Research | $1,995.23 |
| Travel Expenses for Law Clerk | $1,523.24 |
| Travel Expenses Reduced by One Third | $1,474.78 |
| Focus Group | $1,400.00 |
| Trial Consultant | $8,071.25 |
| **Total** | **$14,464.50** |

## CONCLUSION

For the reasons set out above, Plaintiff's motions for reasonable fees and costs (D.E. 96, 104) are **GRANTED IN PART.** Therefore, the Court **ORDERS** that Plaintiff recover from Defendant the sum of **$255,944.25**, as follows:

  Attorney's Fees:  $291,171.00 reduced by 13.47% = **$251,950.27**

  Costs:  $18,458.48 minus $14,464.50 = **$3,993.98**

All other fees and costs are **DENIED**.

  Plaintiff is entitled to postjudgment interest on all of the awarded damages at the federal postjudgment interest rate of 4.08% per annum from September 27, 2022, until paid.[5]

  **ORDERED** on August 17, 2023.

                NELVA GONZALES RAMOS
                UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff asserts, and Defendant does not contest, that the fees awarded for work performed on the initial reply (D.E. 103, filed March 9, 2023) should accrue postjudgment interest starting from the filing of the supplemental motion (D.E. 104, filed March 13, 2023). D.E. 104, p. 2; *see* D.E. 106. The Court finds this reasonable; attorney's fees related to the filing of the initial reply (D.E. 103), $4,417.50, will therefore accrue interest at a rate of 5.12% per annum from March 13, 2023, until paid.